IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 PENSION FUND; INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 WELFARE FUND; INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 ANNUITY FUND; INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 TRAINING AND RECORDKEEPING FUND; ILLINOIS REGIONAL INSULATION CONTRACTORS INDUSTRY FUND; and INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ALLIED WORKERS, LOCAL 17 OF CHICAGO, ILLINOIS, <br><br>     Plaintiffs, <br><br> vs. <br><br>BROCK INDUSTRIAL SERVICES, LLC, a Delaware limited liability company; and BROCK SERVICES, LLC, a Texas limited liability company, <br><br>     Defendants. | CASE NO.: 16-CV-8583 <br><br> JUDGE: <br><br> MAG. JUDGE: |

**COMPLAINT**

Now come Plaintiffs, the INTERNATIONAL ASSOCIATION OF HEAT AND FROST LOCAL 17 PENSION FUND, *et al.*, by and through their attorneys, JOHNSON & KROL LLC, complaining of the Defendants BROCK INDUSTRIAL SERVICES, LLC ("BIS LLC") and BROCK SERVICES, LLC ("BS LLC") and allege as follows:

**JURISDICTION AND VENUE**

1.   This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to "ERISA") (29 U.S.C. §§ 1132 and 1145). The Court has

jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1145, and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 PENSION FUND the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 WELFARE FUND, the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS, LOCAL 17 ANNUITY FUND, and the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 TRAINING AND RECORDKEEPING FUND, collectively, ("TRUST FUNDS"), are administered at 18520 Spring Creek Drive, Tinley Park, Illinois 60477 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

**PARTIES**

3. The TRUST FUNDS receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ALLIED WORKERS, LOCAL 17 OF CHICAGO, ILLINOIS ("UNION"), and therefore are multiemployer plans under 29 U.S.C. § 1002.

4. The ILLINOIS REGIONAL INSULATON CONTRACTORS INDUSTRY TRUST ("INDUSTRY FUND") is a Labor Management Cooperation Committee administered in Schaumberg, Illinois.

5. The UNION is the bargaining representative of Defendant NORTHWEST's bargaining unit employees.

6. The Defendant BIS LLC is a Delaware limited liability company with its principal place of business located in Joliet, Illinois.

7. The Defendant BS LLC is a Texas limited liability company with its principal place of business located in Joliet, Illinois.

## COUNT I
## BREACH OF AREA AGREEMENT AND TRUST AGREEMENTS – BIS LLC

8. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. BIS LLC is an employer engaged in an industry affecting commerce which agreed to be bound by the provisions of the Collective Bargaining Agreement negotiated between the UNION and the Illinois Regional Insulation Contractors Association, Inc. for all times relevant to this action. (A copy of the Signatory Page is attached as Exhibit 1); (A copy of the Collective Bargaining Agreement is attached as Exhibit 2).

10. Through the agreements referred to in paragraph 9, the Defendant BIS LLC also became bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter referred to as the "Trust Agreements").

11. Pursuant to the provisions of the Collective Bargaining Agreement and the Trust Agreements, BIS LLC is required to make monthly reports of hours worked by Covered Employees (hereinafter referred to as "monthly Contribution Reports") and pay contributions to the TRUST FUNDS and the INDUSTRY FUND for each hour worked pursuant to the Collective Bargaining Agreement at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the twentieth (20th) day of the calendar month following the calendar month during which the work was performed.

12. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the TRUST FUNDS and INDUSTRY FUND on or before the 20th day of each month are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and in the event payment is not made by the thirtieth (30th) day of the month, an additional ten (10%) percent in liquidated damages for each fund is assessed.

13. Pursuant to the Collective Bargaining Agreement, BIS LLC is required to deduct UNION dues assessed at 3.5% of each covered employee's total wage and contribution package from its employees' paychecks and remit payment of those dues to the UNION.

14. Defendant BIS LLC is obligated to pay the contributions on behalf of the employees of BS LLC because BS LLC is the alter-ego of BIS LLC and the non-union arm of BIS LLC's double-breasted operations.

15. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from BIS LLC.

16. Plaintiffs have complied with all conditions precedent in bringing this suit.

17. BIS LLC is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Settlement Agreement, Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered against Defendant BIS LLC for all contributions attributable to work performed within the trade and geographic jurisdiction of the

        UNION by BS LLC's employees during the period of January 1, 2014 through present, plus the resulting liquidated damages and interest;

B.    That Judgment be entered in favor of Plaintiffs and against Defendant BIS LLC for any other contributions, liquidated damages, interest, auditor's fees or attorney's fees that are found to be due and owing in addition to the amounts referenced in paragraph A above;

C.    That Defendant BIS LLC be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D);

D.    That this Court enter an Order requiring the Defendant BIS LLC to comply with all terms of the Collective Bargaining Agreement, including but not limited to the submission of all ongoing contribution reports and payments in a timely manner; and

E.    That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant BIS LLC's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

## COUNT II
## ALTER-EGO LIABILITY – BIS LLC AND BS LLC

18. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-17 of this Complaint with the same force and effect as if fully set forth herein.

19. BIS LLC and BS LLC are operated under the Brock Group.

20. BIS LLC and BS LLC are both owned by The Brock Group Inc.

21. BIS LLC and BS LLC share common management, single points of contact and

superintendents, including but not limited to Jason Wright.

22. Upon information and belief, BIS LLC and BS LLC operate out of the same building located at 2210 Oak Leaf, Joliet, Illinois.

23. Upon information and belief, BIS LLC and BS LLC share common administrative and accounting personnel.

24. BIS LLC and BS LLC share the same warehouse located at 2210 Oak Leaf, Joliet, Illinois.

25. BIS LLC and BS LLC share the same logo.

26. BIS LLC and BS LLC conduct work in the same trade and both perform insulation work on an industrial scale.

27. BIS LLC and BS LLC share at least one common officer, Pamela Kunkemoeller.

28. BIS LLC and BS LLC commingle their assets with each other.

29. BIS LLC and BS LLC foster an image of being one singular company.

30. BIS LLC and BS LLC use the same pads that are manufactured by BIS LLC's unionized employees in the performance of their insulation work.

31. BIS LLC and BS LLC both conduct work on the same projects and commingle their workforces.

32. BS LLC was established with the intent of avoiding BIS LLC's obligations under its Collective Bargaining Agreement with the UNION, including the obligation to pay contributions to the TRUST FUNDS and INDUSTRY FUND.

33. Recognition of BS LLC's separate corporate existence would sanction a fraud or promote injustice in that BIS LLC would be permitted to escape its contractual and financial obligations to the Plaintiffs while still operating as BS LLC.

34. BS LLC is the alter-ego of BIS LLC and is directly liable to the Plaintiffs for the contractual

and financial obligations of BIS LCC, including BIS LLC's obligations to contribute to the TRUST FUNDS and INDUSTRY FUND on behalf of its employees working in the trade and geographic jurisdiction of the UNION.

35. BS LLC is the disguised continuance of BIS LLC and, therefore, is directly liable for the debts of BIS LLC.

36. As BIS LLC's alter-ego, BS LLC is directly liable to the Plaintiffs for the contractual and financial obligations of BIS LLC, including BIS LLC's obligations to contribute to the TRUST FUNDS and INDUSTRY FUND on behalf of its employees working in the trade and geographic jurisdiction of the UNION.

37. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from BIS LLC and BS LLC.

38. Plaintiffs have complied with all conditions precedent in bringing this suit.

39. BIS LLC and BS LLC are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered against the Defendants BIS LLC and BS LLC, jointly and severally, for all contributions attributable to work performed within the trade and geographic jurisdiction of the UNION by employees of BS LLC during the period of January 1, 2014 through present, plus the resulting liquidated damages and interest;

B. That Judgment be entered in favor of Plaintiffs and against Defendants BIS LLC

      and BS LLC, jointly and severally, for any other contributions, liquidated damages, interest, auditor's fees or attorney's fees that are found to be due and owing in addition to the amounts referenced in paragraph A above;

C.     That this Court enter an Order holding that BS LLC is the alter-ego of BIS LLC and that BS LLC is liable to the TRUST FUNDS for all debts and obligations of BIS LLC;

D.     That Defendants BIS LLC and BS LLC, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D);

E.     That this Court enter an Order requiring the Defendants BIS LLC and BS LLC to comply with all terms of the Collective Bargaining Agreement, including but not limited to the submission of all ongoing contribution reports and payments in a timely manner; and

F.     That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendants' cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

## COUNT III
## SINGLE EMPLOYER LIABILITY – BIS LLC AND BS LLC

42.     Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-41 of this Complaint with the same force and effect as if fully set forth herein.

43.     BIS LLC and BS LLC are operated under the Brock Group.

44.     BIS LLC and BS LLC are both owned by The Brock Group Inc.

45.     BIS LLC and BS LLC share common management, single points of contact and

superintendents, including but not limited to Jason Wright.

46. Upon information and belief, BIS LLC and BS LLC operate out of the same building located at 2210 Oak Leaf, Joliet, Illinois.

47. Upon information and belief, BIS LLC and BS LLC share common administrative and accounting personnel.

48. BIS LLC and BS LLC share the same warehouse located at 2210 Oak Leaf, Joliet, Illinois.

49. BIS LLC and BS LLC share the same logo.

50. BIS LLC and BS LLC conduct work in the same trade and both perform insulation work on an industrial scale.

51. BIS LLC and BS LLC share at least one common officer, Pamela Kunkemoeller.

52. BIS LLC and BS LLC commingle their assets with each other.

53. BIS LLC and BS LLC foster an image of being one singular company.

54. BIS LLC and BS LLC use the same pads that are manufactured by BIS LLC's unionized employees in the performance of their insulation work.

55. BIS LLC and BS LLC both conduct work on the same projects and commingle their workforces.

56. BIS LLC and BS LLC share an interrelation of operations.

57. BS LLC is the non-union shop of a double-breasted operation and BIS LLC is the union shop of the Defendants BIS LLC and BS LLC.

58. BIS LLC and BS LLC are a "single employer" for the purposes of determining employees' fringe benefit contributions in that they share an interrelation of operations, common management, centralized control over labor relations and common ownership.

52. Plaintiffs have been required to employ the undersigned attorneys to collect the monies

that are due and owing from BIS LLC and BS LLC.

53. Plaintiffs have complied with all conditions precedent in bringing this suit.

54. BIS LLC and BS LLC are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered against Defendants BIS LLC and BS LLC, jointly and severally, for all contributions attributable to work performed within the trade and geographic jurisdiction of the UNION by employees of BS LLC during the period of January 1, 2014 through present, plus the resulting liquidated damages and interest;

B. That Judgment be entered in favor of Plaintiffs and against Defendants BIS LLC and BS LLC, jointly and severally, for any other contributions, liquidated damages, interest, auditor's fees or attorney's fees that are found to be due and owing in addition to the amounts referenced in paragraph A above;

C. That this Court enter an Order holding that BIS LLC and BS LLC are a "single employer" and are jointly and severally liable to the TRUST FUNDS and INDUSTRY FUND for all debts and obligations of BIS LLC;

D. That Defendants BIS LLC and BS LLC, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D);

E. That this Court enter an Order requiring Defendants BIS LLC and BS LLC to comply with all terms of the Collective Bargaining Agreement, including but not limited to the submission of all ongoing contribution reports and payments in a timely manner; and

F. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendants' cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**INTERNATIONAL ASSOCIATION OF HEAT AND FROST LOCAL 17 PENSION FUND,** *et al.*

/s/ Jeffrey A. Krol – 6300262
One of Plaintiffs' Attorneys

Jeffrey A. Krol
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
(312) 757-5465
jeffkrol@johnsonkrol.com